NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0744n.06

No. 14-5397

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Sep 26, 2014
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| ELLEN D. NICHOLS, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| COMMISSIONER OF SOCIAL SECURITY, | ) | KENTUCKY |
| | ) | |
| Defendant-Appellee. | ) | |

BEFORE: SILER, CLAY, and GRIFFIN, Circuit Judges.

PER CURIAM. Ellen D. Nichols appeals the district court's judgment affirming the denial of her applications for disability insurance benefits and supplemental security income benefits.

In March 2010, Nichols filed applications for disability insurance benefits and supplemental security income benefits, alleging that she became disabled on November 15, 2008. After the Social Security Administration denied the applications, Nichols requested a hearing before an administrative law judge (ALJ). The ALJ denied Nichols relief, and the Appeals Council declined to review the case. The district court affirmed the denial of Nichols' applications.

On appeal, Nichols raises the following arguments: (1) the district court erred by reviewing the denial of her applications using the substantial-evidence standard because it is discriminatory toward indigent claimants; (2) the ALJ erred by failing to consider the proper

onset date for her disability; (3) the ALJ erred by concluding that she failed to meet certain regulatory listings; (4) the ALJ erred by concluding that she could perform light work; (5) the ALJ gave improper weight to the medical opinion evidence; (6) the ALJ erred by concluding that her testimony was not fully credible; and (7) the ALJ erred by failing to incorporate certain limitations into her residual functional capacity (RFC).

"Our review of the ALJ's decision is limited to whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009). "The substantial-evidence standard is met if a reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Id.* at 406 (internal quotation marks omitted). "We give de novo review to the district court's conclusions on each issue." *Id.*

Nichols first argues that the district court should not have reviewed the ALJ's decision using the substantial-evidence standard because it is discriminatory toward claimants who lack the financial resources to pay for medical treatment and records. The district court acted properly, however, because Nichols has not shown that she was unable to obtain necessary medical evidence.

Nichols next argues that the ALJ erred by considering her alleged onset date of disability as November 15, 2008, because she argued for an amended onset date of March 1, 2010, in a post-hearing brief. The ALJ did not err by considering November 15, 2008, as the alleged onset date of disability because Nichols never formally requested to amend the 2008 onset date that she alleged in her applications for benefits. Further, any error in failing to explicitly consider the amended onset date was harmless because the ALJ recognized that Nichols changed age categories in 2009, *see* 20 C.F.R. §§ 404.1563, 416.963, she considered whether the change

affected the disability determination, and she determined that Nichols was not disabled at any time between November 15, 2008, and the date of the ALJ's decision.

Nichols next argues that the ALJ erred by concluding that she did not meet the regulatory listings for major dysfunction of a joint, asthma, and affective disorder. "[T]o be found disabled based upon a listed impairment, the claimant must exhibit all the elements of the listing." *Elam ex rel. Golay v. Comm'r of Soc. Sec.*, 348 F.3d 124, 125 (6th Cir. 2003). "It is insufficient that a claimant comes close to meeting the requirements of a listed impairment." *Id.*

Substantial evidence supported the ALJ's determination that Nichols did not meet the regulatory listing for major dysfunction of a joint because there is no evidence in the record showing that she was unable to ambulate effectively as defined in 20 C.F.R. pt. 404, subpt. P, app. 1, § 1.00B(2)(b). *See* 20 C.F.R. pt. 404, subpt. P, app. 1, § 1.02(A). Likewise, substantial evidence supported the ALJ's determination that Nichols did not meet the regulatory listing for asthma because the evidence failed to establish that she suffered from asthma attacks or that she had chronic asthmatic bronchitis and an insufficient forced expiratory volume. *See id.* § 3.03. And substantial evidence supported the ALJ's determination that Nichols did not meet the regulatory listing for an affective disorder because the evidence failed to establish that she had marked difficulties in activities of daily living, maintaining social functioning, or maintaining concentration, persistence, or pace, or that she had repeated episodes of decompensation. *See id.* § 12.04(B).

Finally, Nichols argues that the ALJ made several errors in concluding that she retained the ability to perform light work: (1) she gave improper weight to the medical opinion evidence; (2) she erred by concluding that Nichols' testimony concerning the extent of her impairments was not fully credible; and (3) she failed to incorporate into Nichols' RFC certain limitations that

her counsel discussed with the vocational expert. An ALJ must weigh medical opinions from non-treating and non-examining sources based on all relevant factors, including the examining relationship or lack thereof, the specialization of the medical source, and the consistency and supportability of the opinion. *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013). We accord great weight and deference to an ALJ's credibility finding, but such a finding must be supported by substantial evidence. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997).

The ALJ's determination that Nichols retained the capacity for light work was supported by substantial evidence, including objective medical testing and all of the medical source opinions. Despite Nichols' argument to the contrary, the ALJ did not give unreasonable weight to the medical opinions that concluded Nichols had no significant functional limitations because the opinions were consistent and supported by the medical evidence in the record. Further, because Nichols' testimony concerning the extent of her impairments conflicted with the majority of objective medical evidence and credible medical source opinions, the ALJ reasonably discounted the testimony. Similarly, because the functional limitations identified by Nichols' counsel lacked evidentiary support, the ALJ reasonably declined to include the limitations in Nichols' RFC.

Accordingly, we affirm the district court's judgment.